IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| U.S. Specialty Insurance Company, | ) |
| Plaintiff, | ) |
| vs. | ) **ORDER GRANTING DEFENDANT'S MOTION TO STAY** |
| Aerial Timber Applicators, Inc., | ) Case No. 3:19-cv-00271 |
| Defendant. | ) |

Before the Court is Defendant Aerial Timber Applicators, Inc.'s ("Aerial Timber") motion to dismiss or stay proceedings filed on January 10, 2020. Doc. No. 18. The motion seeks to halt the declaratory judgment action in this Court in favor of a lawsuit Aerial Timber filed in Texas state court. On January 30, 2020, Plaintiff U.S. Speciality Insurance Company ("USSIC") responded in opposition to the motion. Doc. No. 20. Aerial Timber filed a reply on February 12, 2020. Doc. No. 23. For the reasons below, the motion to stay is granted.

**I.   BACKGROUND**

USSIC is a Texas insurance company with its principal place of business in Plano, Texas. Doc. No. 1, ¶ 2. USSIC holds a license to sell insurance in North Dakota. Doc. No. 21-1. Aerial Timber is a North Dakota corporation headquartered in Cooperstown, North Dakota. Doc. No. 1, ¶ 3. Aerial Timber owns and operates a fleet of fire-fighting aircraft. Id. ¶ 6. Government entities contract with Aerial Timber to fight wildfires. Id. USSIC issued an Aircraft Insurance Policy ("Policy") to Aerial Timber effective from May 23, 2017 through May 1, 2018. Doc. No. 18-2.

Among its aircraft fleet, Aerial Timber owns a 1993 Air Tractor AT802-A with a tail number of N91092 ("Air Tractor"). Doc. No. 1, ¶ 7. A Pratt & Whitney PT6 turbine engine powers the Air Tractor. Id. The engine draws air in through an intake behind the propeller at the

front of the aircraft. Id. ¶ 8. Following combustion, the engine emits exhaust through large exhaust stacks on the sides of the engine compartment. Id.

On July 13, 2017, Aerial Timber pilot Tom Hlavnicka landed the Air Tractor in Wells, Nevada, where he intended to refuel. Id. ¶ 9. Upon landing, he tried to shut down the engine. Id. But the engine failed to shut down completely. Id. Hlavnicka soon observed flames belching from the exhaust stacks. Id. In reaction, he attempted to restart the engine twice to no avail. Id. Ground crew personnel then quelled the flames by discharging dry fire extinguishers into the exhaust stacks. Id. The engine sustained permanent damage, requiring extensive repairs. Id. ¶¶ 10, 13.

Aerial Timber's Policy includes an amendatory Turbine Engine Endorsement that sets the coverage terms for damage to the Air Tractor's engine. Doc. No. 18-2, p. 10. The endorsement begins by stating that it "applies to aircraft equipped with a turbine engine or turbine engines" covered under the Policy's Part Two – Aircraft Physical Damage section. Id. That section explains USSIC will not pay for damage to a covered aircraft "[c]aused by wear or tear, deterioration, freezing, mechanical or electrical breakdown or failure, but [USSIC] will pay for other direct physical loss or damage to your aircraft that results from any of these causes." Id. at 52. If damage to an aircraft with a turbine engine meets the initial Part Two criteria, then the Turbine Engine Endorsement imposes additional conditions for coverage. Id. at 10. As relevant here, the endorsement excludes coverage when damage results from either "breakdown, failure or malfunction of any part(s) of a turbine engine" or "improper operation of a turbine engine during any cycle or phase of its operation." Id.

Aerial Timber submitted an approximately $988,000 claim to USSIC for the damage to the Air Tractor's engine on August 21, 2019. Doc. No. 18-3, p. 5. Later that day, USSIC denied the

2

claim. Id.  USSIC asserted that the Turbine Engine Endorsement precluded coverage because any damage resulted from a mechanical breakdown or malfunction or from Hlavnicka improperly operating the aircraft.  Doc. No. 1, ¶ 19.  Aerial Timber retained counsel, who then requested claim-related documents from USSIC on October 14, 2019.  Doc. No. 18-4.  Retaining counsel in kind, USSIC responded to Aerial Timber's inquiry with the requested documents on November 1, 2019.  Doc. No. 18-5.

On December 11, 2019, USSIC filed the present action.  See Doc. No. 1.  Invoking 28 U.S.C. § 2201, USSIC seeks a declaration that the Policy's Turbine Engine Endorsement bars coverage for the claim arising from the Air Tractor fire.  USSIC served Aerial Timber with process on December 20, 2019.  Doc. No. 6.  Then on January 10, 2020, Aerial Timber instituted a separate lawsuit against USSIC in the 429th District Court of Collin County, Texas.[1]  See Doc. No. 18-3.  Aerial Timber's state court complaint pleads a breach of contract stemming from USSIC's denial of coverage, as well as a bevy of related claims grounded on Texas law.  See id.  The same day the Texas lawsuit commenced, Aerial Timber moved to dismiss or stay the proceedings in this Court.  Doc. No. 18.

## II.   DISCUSSION

Aerial Timber's motion is twofold.  First, the motion seeks dismissal of the complaint outright for either lack of standing or improper venue.  Second, and alternatively, the motion requests that the Court abstain from issuing a declaratory judgment in deference to the Texas state court proceeding.  The initial roadblocks the motion raises pose no bar to USSIC's complaint.  Even so, the Court agrees that the circumstances call for abstention.

---

[1] Aerial Timber also named Curtis Rush as a defendant in the Texas litigation.  See Doc. No. 18-3.  Rush is the USSIC claims representative who investigated Aerial Timber's claim.  Id. at 2.

**A.     Standing**

Aerial Timber's standing argument is without merit. "Article III limits federal jurisdiction to 'Cases' and 'Controversies,' and there is no case or controversy unless the party initiating the action has standing to sue." Owner-Operator Indep. Drivers Ass'n, Inc. v. U.S. Dep't of Transp., 831 F.3d 961, 966 (8th Cir. 2016) (citing Allen v. Wright, 468 U.S. 737, 750 (1984)). The Declaratory Judgment Act directly incorporates that principle and provides, "In a case of actual controversy within its jurisdiction," a federal court "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). To satisfy constitutional standing in a declaratory judgment action, a plaintiff must demonstrate the existence of "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Md. Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270, 273 (1941). "The essential distinction between a declaratory judgment action and an action seeking other relief is that in the former no actual wrong need have been committed or loss have occurred in order to sustain the action." Cty. of Mille Lacs v. Benjamin, 361 F.3d 460, 464 (8th Cir. 2004) (citation omitted).

Here, a substantial controversy exists between Aerial Timber and USSIC. The parties plainly dispute coverage for the claim arising from the Air Tractor fire, which Aerial Timber values at north of $988,000. And that controversy was immediate and real at the time USSIC filed this action. See Steger v. Franco, Inc., 228 F.3d 889, 892 (8th Cir. 2000) (noting that standing is determined by the facts existing at the time suit is filed). Following the denial of coverage, Aerial Timber retained attorneys to request and review claim-related documents, clearly indicating dissension from USSIC's coverage determination. That USSIC had not paid out Aerial Timber's

4

claim when suit commenced in no way diminishes the controversy. Indeed, the declaratory judgment remedy is designed for situations exactly like this one, affording litigants an opportunity to proactively ascertain their contractual obligations before incurring actual damages. See Maytag Corp. v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am., 687 F.3d 1076, 1081 (8th Cir. 2012). USSIC therefore meets the constitutional minimum of standing.

**B.   Venue**

The improper venue hurdle that Aerial Timber posits is equally unpersuasive. Venue in federal court is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). In conjunction with 28 U.S.C. § 1406(a), Rule 12(b)(3) of the Federal Rules of Civil Procedure "authorize[s] dismissal only when venue is 'wrong' or 'improper' in the forum in which it was brought." Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex., 571 U.S. 49, 55 (2013).

Venue is manifestly proper in this district under § 1391(b)(1) because Aerial Timber, the lone Defendant, is domiciled in North Dakota. True enough, USSIC's complaint appears to base venue on § 1391(b)(2), which Aerial Timber contests. See Doc. No. 1, ¶ 5. But a plaintiff need not plead the specific basis for venue—or plead venue at all for that matter. See Fed. R. Civ. P. 8(a) (stating without mentioning venue that a complaint must contain the grounds for the court's jurisdiction, a statement showing the pleader is entitled to relief, and a demand for the relief

5


sought); 14D Charles Alan Wright et al., Federal Practice and Procedure § 3826 (4th ed. 2013) ("Venue . . . is different from subject matter jurisdiction, and the plaintiff is not required to include allegations showing that venue is proper."). Aerial Timber's domicile supplies a sufficient basis for venue, rendering dismissal under Rule 12(b)(3) inappropriate.

    **C.    Abstention**

Aerial Timber predominantly contends that the Court should abstain from deciding this case due to the pending Texas lawsuit. Normally, federal courts have a "virtually unflagging obligation" to exercise proper jurisdiction. Spectra Commc'ns Grp., LLC v. City of Cameron, 806 F.3d 1113, 1121 (8th Cir. 2015) (quoting Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976)). As an exception, "district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995).

The parties dispute the applicable legal standard at the outset. Aerial Timber relies on the Wilton/Brillhart abstention doctrine, which vests federal courts with broad discretion to decline jurisdiction over a declaratory judgment action when confronted with parallel state court proceedings. See Wilton, 515 U.S. at 282-83; Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 494-95 (1942). Resisting that standard, USSIC advocates for application of the six-factor test articulated in Scottsdale Insurance Co. v. Detco Industries, Inc., 426 F.3d 994 (8th Cir. 2005). The Detco test applies in the absence of parallel state proceedings and significantly limits a court's discretion to decline jurisdiction. See id. at 998. So the first task is to determine whether this case and the Texas lawsuit are parallel proceedings.

"[S]tate proceedings are parallel if they involve the same parties . . . and if the state action is likely to fully and 'satisfactorily' resolve the dispute or uncertainty at the heart of the federal declaratory judgment action." Lexington Ins. Co. v. Integrity Land Title Co., Inc., 721 F.3d 958, 968 (8th Cir. 2013) (quoting Brillhart, 316 U.S. at 495). In application, USSIC and Aerial Timber are parties to both relevant lawsuits. Further, this action seeks a declaration that the Turbine Engine Endorsement bars coverage for the damage from the Air Tractor fire, while the Texas lawsuit asserts a breach of contract claim alleging a wrongful denial of coverage for the same incident. Although the Texas case includes Curtis Rush as an additional defendant and pleads ancillary causes of action related to USSIC's claim-handling process, "the mere presence of additional parties or issues in one of the cases does not necessarily preclude a finding that they are parallel." Bank of Okla., N.A. v. Tharaldson Motels II, Inc., 671 F. Supp. 2d 1058, 1062 (D.N.D. 2009) (citing AAR Int'l, Inc. v. Nimelias Enters. S.A., 250 F.3d 510, 518 (7th Cir. 2001)). Aerial Timber's breach of contract claim is just as likely to resolve the coverage dispute as USSIC's requested declaratory relief. As a result, the suits are parallel.

Still, that finding does not assuage USSIC's central objection. USSIC contends that the Wilton/Brillhart standard is inapposite where a federal declaratory judgment action is filed before the onset of otherwise parallel state court proceedings. But filing first is not an automatic escape hatch for abstention purposes. To see why, look no further than Wilton. There, the Supreme Court affirmed a district court's order staying a declaratory judgment action filed one month prior to the commencement of a parallel state case. See Wilton, 515 U.S. at 280. The relative filing times are identical here.

7

Trying to bypass that precedent, USSIC hints at conflicting language in Detco that ostensibly confines analysis to whether "parallel proceedings were pending in state court at the time [the federal plaintiff] brought its declaratory judgment action." 426 F.3d at 996; see also Cont'l Cas. Co. v. Advance Terrazzo & Tile Co., Inc., 462 F.3d 1002, 1006 (8th Cir. 2006). Yet that language appears only in decisions where the declaratory judgment action is indisputably the last filed. See id. In other instances, the Eighth Circuit has applied the Wilton/Brillhart framework without hesitation despite federal declaratory judgment actions predating state court proceedings. See, e.g., GEICO Cas. Co. v. Isaacson, 932 F.3d 721, 724-25 (8th Cir. 2019); Royal Indem. Co. v. Apex Oil Co., 511 F.3d 788, 791-93 (8th Cir. 2008); Capitol Indem. Corp. v. Haverfield, 218 F.3d 872, 873-75 (8th Cir. 2000). Faced with arguments similar to USSIC's, district courts in this circuit have rejected a time-of-filing rule for parallelism, instead employing a time-of-abstention inquiry. See Federated Mut. Ins. Co. v. Shernaman Enters., Inc., No. 4:14-CV-265 CAS, 2014 WL 6775832, at *5 (E.D. Mo. Dec. 2, 2014); United Fin. Cas. Co. v. Shelton, No. 2:12-CV-02154, 2013 WL 771827, at *3 (W.D. Ark. Feb. 28, 2013). This Court will do the same.

In a related vein, USSIC urges adherence to the first-filed rule to stave off abstention. Generally, in cases of concurrent jurisdiction, "the first court in which jurisdiction attaches has priority to consider the case." Orthmann v. Apple River Campground, Inc., 765 F.2d 119, 121 (8th Cir. 1985). Nevertheless, that rule "is not intended to be rigid, mechanical, or inflexible, but is to be applied in a manner best serving the interests of justice." Nw. Airlines, Inc. v. Am. Airlines, Inc., 989 F.2d 1002, 1005 (8th Cir. 1993) (internal quotation marks and citation omitted). To that end, courts must remain vigilant for two "red flags" that abate the first-filed rule. See id. at 1007. One arises when the first-filing party is on notice that the other party is contemplating

8

suit. Id. The other occurs when the first-filing party seeks only declaratory relief because "such an action may be more indicative of a preemptive strike." Id.

Both red flags are extant to some degree. USSIC knew Aerial Timber retained counsel and requested documents related to the denial of coverage. Solidifying the expectation of suit, USSIC retained counsel of its own when responding to Aerial Timber's document request. And, of course, this lawsuit seeks only declaratory relief. Under these circumstances, a district court is "not compelled to strictly follow the first-to-file rule when determining whether to exercise jurisdiction under the Declaratory Judgment Act." Empire Fire & Marine Ins. Co. v. Scheibler, Case No. 4:16CV594 HEA, 2016 WL 6524341, at *2 (E.D. Mo. Nov. 3, 2016); see also Fed. Ins. Co. v. Ameritas Life Ins. Corp., 4:19CV3035, 2019 WL 5310042, at *4-5 (D. Neb. Oct. 21, 2019) (refusing to apply first-filed rule in declaratory judgment action); Am. Family Mut. Ins. Co. v. McAlister, No. 09-00957-CV-W-FJG, 2010 WL 481293, at *2 (W.D. Mo. Feb. 5, 2010) (same); Cedar Rapids Cellular Tel., L.P. v. Miller, No. C00-58 MJM, 2000 WL 34030836, at *13 (N.D. Iowa Sept. 15, 2000) (same). Accordingly, the Court declines to rigidly apply the first-filed rule. Because this lawsuit and the Texas state court action are parallel proceedings, Wilton/Brillhart abstention provides the appropriate legal framework.

Turning to that framework, a court "must consider the scope and nature of the pending state court proceeding to ascertain whether the issues in controversy between the parties to the federal action . . . can be better settled by the state court." Capitol Indem., 218 F.3d at 874 (citing Brillhart, 316 U.S. at 495; Wilton, 515 U.S. at 282). "[T]he parallel state court proceeding must present 'the same issues, not governed by federal law, between the same parties . . . .'" Royal Indem., 511 F.3d at 793 (quoting Brillhart, 316 U.S. at 495). If so, then "a federal court may abstain from the

proceeding because '[o]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where' a parallel state court proceeding is pending." Id. (alteration in original) (quoting Brillhart, 316 U.S. at 495).

As previously explained, USSIC and Aerial Timber are parties alike to the two relevant lawsuits. And both cases require deciding whether the Policy covers the damage resulting from the Air Tractor fire. State law controls that question.[2] AMCO Ins. Co. v. Williams, 850 F.3d 989, 992-93 (8th Cir. 2017) (noting that state law governs the interpretation of insurance policies). Of equal importance, the Texas proceeding's scope is more robust. In addition to the breach of contract claim, Aerial Timber's complaint pleads common-law fraud, several violations of the Texas insurance code, and infringement of the Texas Deceptive Trade Practices Act. See Doc. No. 18-3. Aerial Timber intends to essentially reassert those allegations as counterclaims in the event this case proceeds. Doc. No. 18-1, p. 15. That may also result in the necessary joinder of Curtis Rush, who is already a defendant in the Texas case. In light of those considerations, deferring to the Texas state court proceeding advances judicial economy and avoids unnecessary federal interference in disputes moored on state law. Abstention is consequently warranted.

When electing to abstain, a district court possesses discretion to either dismiss the case or impose a stay. See Royal Indem., 511 F.3d at 797; Capitol Indem., 218 F.3d at 875 n.2. The Supreme Court has counseled, however, that "a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy." Wilton, 515 U.S. at 288 n.2; see also Int'l Ass'n

---

[2] The parties expend considerable effort contesting which forum holds the greatest interest in resolving the coverage dispute. But courts need not weigh choice-of-law considerations for purposes of Wilton/Brillhart abstention. Royal Indem., 511 F.3d at 797.

of Entrepreneurs of Am. v. Angoff, 58 F.3d 1266, 1271 (8th Cir. 1995). The Court will heed that advice and stay rather than dismiss the action.

### III.   CONCLUSION

The Court has reviewed the record, the parties' filings, and the relevant legal authority. For the reasons above, Aerial Timber's motion to stay (Doc. No. 18) is **GRANTED**. This matter is hereby **STAYED** pending resolution of Cause No. 429-00164-2020 in the 429th District Court of Collin County, Texas. The parties shall file a notice with this Court upon conclusion of that proceeding, along with any accompanying motion to lift the stay if desired. Considering the comprehensive briefing submitted, USSIC's motion for hearing (Doc. No. 22) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 8th day of July, 2020.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court